# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv83

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR THE BANK OF ASHEVILLE, </br></br> Plaintiff, </br></br> v. </br></br> DION HOLDINGS, LLC, NICHOLAS E. DIMITRIS, PAUL RANTZOS, </br></br> Defendants. | ORDER |

Pending before the Court is Plaintiff's Motion to Stay [# 4]. Following the insolvency of The Bank of Asheville, the Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver. The Defendants asserts a number counterclaims against the Bank of Asheville, which constitute potential liabilities of the FDIC. The FDIC moves for a stay of these proceedings pending the exhaustion of Defendants' administrative remedies. The Court **GRANTS** Plaintiff's motion.

I. Analysis

Congress enacted the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") in order to create a comprehensive federal system for efficiently dealing with the claims resulting from the failed savings and

-1-

loan institutions. Brady Dev. Co., Inc. v. Resolution Trust Corp. 14 F.3d 998, 1002 (4th Cir. 1994). FIRREA sets forth a detailed procedure pursuant to which claimants submit all claims involving the insolvent institution. Id. at 1003. These procedures require individuals making claims against failed financial institutions to first submit their claims to the receiver for resolution. Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1035 (4th Cir. 1994). The receiver has 180 days to determine whether or not to allow the claim. Id.; 12 U.S.C. § 1821(d)(5).

If the receiver disallows the claim, then the claimant may seek further administrative determination or judicial relief. Brady, 14 F.3d at 1003. Courts, however, lack jurisdiction to hear any claim until it has either been disallowed by the receiver or the 180 day review period has expired. Id. at 1003-04 ("Only after the [receiver] denies a claim or fails to act within 180 days after receiving the claim may judicial review be sought or a previously filed action continuted."); 12 U.S.C. § 1821(d)(13)(D). "The statutory scheme of FIRREA thus provides a dispute resolution structure that allows the [receiver] initially to collect assets, determine rights, and resolve claims before disputes over such matter can be heard in court." Tillman, 37 F.3d at 1036.

Here, the FDIC as Receiver published a notice advising creditors of the Bank of Asheville to submit all claims by the claims bar date as required by the FIRREA.

The Court lacks jurisdiction to consider Defendants' counterclaims until either the expiration of the 180 day period or the FDIC disallows the claims. Accordingly, a stay of these proceedings is required, and the Court **GRANTS** Plaintiff's Motion to Stay [# 4].

II. **Conclusion**

The Court **GRANTS** Plaintiff's Motion to Stay [# 4]. The Court **STAYS** this case for the earlier of 180 days from the date of Defendants' submission of the claims to the FDIC or ten (10) days after the date the FDIC tenders a final written determination upon Defendants' claims.

Signed: May 13, 2011

Dennis L. Howell
United States Magistrate Judge